UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Maria Dalton,

    Plaintiff,

v.                                                       Case No. 15-cv-1566 (JNE/KMM)
                                                       ORDER

Hennepin Home Health Care, Inc.,

    Defendant.


      Plaintiff Maria Dalton is a former employee of Defendant Hennepin Home Health Care, Inc. (HHHC). She alleges HHHC failed to pay her overtime in violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*, and wrongfully terminated her employment in retaliation for seeking workers' compensation benefits in violation of Minn. Stat. § 176.82. This matter is before the Court on HHHC's motion for summary judgment.

## BACKGROUND

      HHHC is a Minnesota-based company that provides home-based health-care services for clients who need assistance to live independently. Dalton was employed by HHHC as an Independent Living Specialist (ILS) from January 2010 until August 29, 2014. Her job duties included traveling to clients' homes to assist them with everyday chores, such as budgeting, shopping, and attending appointments. Dalton's ILS position was full-time and hourly.

      ILS employees are expected to work thirty-two to thirty-five billable hours per week, which are hours that can be charged to an insurance company or a government payor. This leaves five to eight hours for non-billable time, which includes traveling between clients' homes, scheduling appointments, attending meetings, and paperwork. ILS employees are paid for

billable and non-billable time, though they are expected to obtain supervisor permission before working overtime.

ILS employees record their hours on weekly timesheets. It is undisputed that Dalton's timesheets show no overtime hours. Dalton, though, attests she typically had to work overtime to complete her job duties. She declares she worked a minimum of fifty hours on the weeks when she did not take personal time off (PTO). Dalton states she did not record the excess hours on her timesheets because she was instructed to put down no more than eight hours of non-billable time, no matter how much non-billable time she in fact worked.

On July 10, 2014, Dalton was injured in an automobile accident while on the job. She submitted a workers' compensation claim. Dalton took time off to recover from her injuries and returned to work on July 21. Several weeks later, on August 18, 19, and 20, Dalton missed all or part of each work day. By a letter dated August 29, 2014, HHHC terminated Dalton's employment. HHHC insists it terminated Dalton for violating the company's no call/no show policy, while Dalton alleges the termination was retaliation for her workers' compensation claim.

On March 3, 2015, Dalton filed suit in state court. HHHC removed the action to this Court. HHHC now moves for summary judgment.

## STANDARD OF REVIEW

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To support an assertion that a fact cannot be or is genuinely disputed, a party must cite "to particular parts of materials in the record," show "that the materials cited do not establish the absence or presence of a genuine dispute," or show "that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A)–(B). "The court need

consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3). In determining whether summary judgment is appropriate, a court must view facts that the parties genuinely dispute in the light most favorable to the nonmovant, *Ricci v. DeStefano*, 557 U.S. 557, 586 (2009), and draw all justifiable inferences from the evidence in the nonmovant's favor, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

## DISCUSSION

### A. The FLSA Claim

The FLSA prohibits hourly employment "for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1). To prevail on an overtime claim, an employee must show: (1) she worked overtime without compensation; and (2) the employer knew or should have known about the overtime work. *Allen v. Bd. of Public Educ. for Bibb Cnty.*, 495 F.3d 1306, 1314–15 (11th Cir. 2007). At summary judgment, Dalton can satisfy the second element based on her declaration that HHHC instructed her to record no more than eight hours of non-billable time regardless of how much time she worked. *See id.* at 1319 ("[W]here the employer encourages artificially low reporting, it cannot disclaim knowledge."). However, Dalton's claim fails on the first element.

An employee suing for unpaid overtime "has the burden of proving that he performed work for which he was not properly compensated." *Holaway v. Stratasys, Inc.*, 771 F.3d 1057, 1059 (8th Cir. 2014) (quoting *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 686–87 (1946)). Where an employer has not kept time records, the evidentiary standard is relaxed, and a plaintiff must only provide "sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Id.* (citation omitted). The parties dispute whether this

relaxed standard applies. HHHC kept time records as required but, Dalton argues, HHHC instructed her not to record all of her hours, making the timesheets untrustworthy. Even under the relaxed standard, though, Dalton's evidence is insufficient to survive summary judgment.

In *Holaway*, the Eighth Circuit Court of Appeals held that "Holaway has failed to meet even the relaxed evidentiary standard because he failed to put forward any evidence of the amount and extent of his work in excess of forty hours a week for any week worked for [the defendant]." *Id*. The court affirmed the grant of summary judgment for the employer because the evidence "provides no details which would allow a jury to determine Holaway worked beyond forty hours in any specific week of his employment." *Id.* at 1060. Here, Dalton offers no evidence of the hours she worked in any specific week. She attests she generally worked at least fifty hours a week when she did not take PTO but that the exact number of hours varied from week to week. At her deposition, Dalton conceded she has no documentation showing her hours for any specific week and, when asked to cite an example of a week she worked more than forty hours, she replied that she could not. Under *Holaway*, Dalton's claim cannot survive summary judgment because she has no evidence that would allow a jury to determine she worked more than forty hours in any specific week.

Dalton's evidence is insufficient for another reason. Dalton's estimate of the overtime she worked in a typical week includes an unknown, yet presumably substantial, number of hours for her commute from and to her home. These hours, though, are not compensable. The FLSA generally exempts employers from compensating employees for time spent "traveling to and from the actual place of performance of the principal activity or activities" of employment. 29 U.S.C. § 254(a). There is an exception for commuting time that is part of the employee's "continuous workday" and "occurs after the beginning of the employee's first principal activity

and before the end of the employee's last principal activity." *IBP, Inc. v. Alvarez*, 546 U.S. 21, 37 (2005). Dalton argues that she performed principal activities at home both before and after her commute, thus rendering her commute compensable. Dalton attests she started her mornings with calls to clients and other administrative work such as pulling files, and she finished her day at home with more paperwork and phone calls. However, even if these were principal activities, HHHC did not require Dalton to perform them immediately before and after her commute. The fact that Dalton chose to perform the activities at these times does not render compensable her otherwise ordinary morning and evening commute. *See Kuebel v. Black & Decker Inc.*, 643 F.3d 352, 360–61 (2d Cir. 2011) ("The fact that Kuebel performs some administrative tasks at home, on his own schedule, does not make his commute time compensable any more than it makes his sleep time or his dinner time compensable."); *Ahle v. Veracity Research Co.*, 738 F. Supp. 2d 896, 916–17 (D. Minn. 2010). Dalton provides no way to determine how many overtime hours she typically worked once these non-compensable commuting hours are excluded.

### B. The Workers' Compensation Retaliation Claim

The Court will not decide Dalton's remaining claim for workers' compensation retaliation but will instead remand it to the state court. A district court may decline to exercise supplemental jurisdiction over a state law claim if it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Having dismissed the sole claim within the Court's original jurisdiction, the Court declines to exercise supplemental jurisdiction over Dalton's state law claim.

The Court's decision is also informed by statutory language that appears to compel the remand. Section 1445(c) provides: "A civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States."

28 U.S.C. § 1445(c). Interpreting this language, the Eighth Circuit has held: "[W]here a state legislature enacts a provision within its workers' compensation laws and creates a specific right of action, a civil action brought to enforce that right of action is, by definition, a civil action arising under the workers' compensation laws of that state and therefore § 1445(c) applies; under such circumstances, the action would be nonremovable, subject only to the complete preemption doctrine." *Humphrey v. Sequentia, Inc.*, 58 F.3d 1238, 1246 (8th Cir. 1995). Here, Dalton's claim is brought to enforce a specific right of action codified as part of Minnesota's Workers' Compensation Act. It is therefore nonremovable.

Under 28 U.S.C. § 1441(c),[1] when a nonremovable claim is joined with a federal law claim and removed from state court, the district court must sever the nonremovable claim and remand the claim to the state court. Dalton's nonremovable workers' compensation claim was joined with a federal claim and removed to this Court. A straightforward reading of section 1441(c) compels the Court to sever and remand the workers' compensation claim. *See Miley v. Hous. Auth. of City of Bridgeport*, 926 F. Supp. 2d 420, 429 (D. Conn. 2013).

---

[1] Section 1441(c) reads in full:

Joinder of Federal law claims and State law claims.—(1) If a civil action includes—

(A) a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title), and

(B) a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute, the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).

(2) Upon removal of an action described in paragraph (1), the district court shall sever from the action all claims described in paragraph (1)(B) and shall remand the severed claims to the State court from which the action was removed. Only defendants against whom a claim described in paragraph (1)(A) has been asserted are required to join in or consent to the removal under paragraph (1).

## CONCLUSION

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. HHHC's motion for summary judgment [Docket No. 16] is GRANTED as to Plaintiff's FLSA claim and DENIED as to Plaintiff's workers' compensation claim.

2. The FLSA claim is DISMISSED WITH PREJUDICE.

3. The workers' compensation claim is REMANDED to the District Court for the Fourth Judicial District, in Hennepin County, Minnesota.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: August 16, 2016

s/Joan N. Ericksen

JOAN N. ERICKSEN
United States District Judge